**James GARLAND, Ida Wright Simon, Martha Perry, Elizabeth Boone and Janie B. Carter, Petitioners,**

v.

**DIRECTOR, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 83–7235.

United States Court of Appeals, Eleventh Circuit.

Aug. 9, 1983.

ORDER:

Garland and four other persons (hereinafter referred to collectively as Garland) sought review in federal district court of administrative decisions denying them benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* The district court consolidated the five cases and dismissed them after determining that this court has exclusive jurisdiction.

Garland filed papers in the district court that were construed as a motion to proceed in forma pauperis in the court of appeals. Recognizing that the motion should have been filed in this court, Fed.R.App.P. 24(b), the district court transferred the papers for our consideration. Federal Courts Improvement Act of 1982, Pub.L.No. 97–164 § 301, 50 U.S.L.W. 77, 86 (1982) (to be codified at 28 U.S.C. § 1631) (statute allows a court without jurisdiction to transfer a civil action if it is in the interest of justice). We agree with the district court that Gar-

land's motion should be construed as an attempt to obtain review in this court of administrative decisions under the Black Lung Act. Because Garland has failed to establish that he exhausted his administrative remedies we deny the motion without prejudice.

Under the Black Lung Benefits Act any person aggrieved by a final order of the Benefits Review Board may obtain review of that order in the United States Court of Appeals for the circuit in which the injury occurred. 30 U.S.C. § 932(a), *incorporating*, 33 U.S.C. § 921(c). However, before seeking appellate review the claimant must follow the administrative procedures set forth in 20 C.F.R. § 725 *et seq.* A claim must first be filed with, and reviewed by, Division of Coal Mine Workers' Compensation of the Office of Workers' Compensation Programs. 20 C.F.R. § 725.304 (1983). District offices of the Social Security Administration or various offices of the Department of Labor are authorized to accept such claims. 20 C.F.R. § 725.303 (1983). A deputy commissioner after reviewing the claim and accepting a response from the coal mine operator issues a proposed decision and order. 20 C.F.R. § 725.410–.420 (1983). That order may be appealed to an administrative law judge and a hearing may be held. 20 C.F.R. § 725.421–.480 (1983). Thereafter, a dissatisfied party may appeal to the Benefits Review Board. 20 C.F.R. § 725.481 (1983). After the Board issues a final order an aggrieved person may seek review in this court. 20 C.F.R. § 725.482 (1983).

Garland has failed to establish that he followed the requisite administrative procedures. The motion to proceed in forma pauperis is DENIED without prejudice to any claimant's presenting his motion again accompanied by evidence establishing that he has exhausted his administrative remedies.